GEORGE DAVIS, PLAINTIFF-APPELLEE, v. AUTOMOBILE ASSOCIATION OF NEW JERSEY, A CORPORATION, DEFENDANT-APPELLANT.

Submitted January 9, 1940—Decided April 19, 1940.

Before Justices TRENCHARD, CASE and HEHER.

For the plaintiff-appellee, *Benjamin Gershenson* (*Harry J. Weiner,* of counsel).

For the defendant-appellant, *Green & Green* (*David Green,* of counsel).

The opinion of the court was delivered by

TRENCHARD, J. This is an appeal by defendant below from a judgment of the District Court rendered by the judge, sitting without a jury, in favor of the plaintiff, and against the defendant, in the sum of $200.

The agreed state of the case discloses the following pertinent matters of fact:

On March 16th, 1939, George Davis, plaintiff-appellee (hereinafter referred to as "plaintiff") became a member of the Automobile Association of New Jersey, defendant-appellant (hereinafter referred to as "defendant"). Plaintiff paid his membership fee of $15 and a membership certificate was issued to him by defendant.

On about April 15th, 1939, while such certificate was in full force and effect, plaintiff was involved in an accident in the Township of Union, Union County, New Jersey, while operating his automobile, as a result of which Ernest Hare, an employe of plaintiff, received injuries resulting in his death.

On the same day complaint was made against plaintiff in the Police Court of such township by the Sergeant of Police, charging that plaintiff operated his motor vehicle on Carrow Road, a public highway, in a reckless manner, so as to cause the death of Ernest Hare, and prayed that the plaintiff be apprehended and held to answer such complaint, and be dealt with as law and justice may require. Plaintiff was arrested and released in the custody of his present attorney until the following day, when bail was set by the prosecutor of Union County at $1,000.

Plaintiff's attorney rendered certain services to plaintiff, more particularly set forth in bill of particulars. These services consisted of the following, among others:

Appearance at Police Court, obtaining statements of witnesses, appearance at Union County Prosecutor's office to have bail fixed, bond for which was supplied by defendant, trip to Union County jail to have plaintiff fingerprinted, trip to scene of accident to have photographs taken, further conferences with plaintiff and with the Prosecutor's office.

Plaintiff's attorney rendered a bill for such services and thereafter, upon refusal of defendant to pay same, this suit was brought.

The matter was submitted to the trial court on agreed state of facts and oral argument. The trial court found for the plaintiff and rendered judgment for $200 with interest.

The defendant in its appeal contends that the trial court erred in refusing to nonsuit and to direct a verdict for the defendant and in refusing to enter judgment for the defendant.

We find no such error. It seems clear that such motions could not have been legally granted.

The membership agreement stated: "Whenever member is charged with automobile manslaughter, member may retain any attorney-at-law to defend such charge. The Association shall pay fees of said attorney-at-law for services rendered, up to $200."

The defendant argues that there was no charge of "automobile manslaughter" and says that under the present law the charge that is usually made in a situation of this sort is contained in *R. S.* 2:138-9, which provides that "any person who shall cause the death of another by driving any vehicle carelessly and heedlessly * * * shall be guilty of a misdemeanor." That may be so; but it is certainly so that such was in substance and effect the present charge, which was a charge of manslaughter, for it charged the unlawful killing of another, without malice, either express or implied.

We believe that such a charge is comprehended under the language of the membership agreement conferring the right upon the holder thereof to retain an attorney-at-law to defend such a charge. In construing the policy it must be taken into consideration that the only thing that could have been meant by the clause was the defense of members who shall be charged with operating an automobile upon the highway in a reckless manner so as to cause the death of another. In view of the fact that the defendant definitely intended to insure the plaintiff for something, it would seem to be against public policy to construe this policy as not to cover the circumstances of this case, for so to do would be to permit the defendant to collect a premium for no protection whatsoever, and this manifestly neither party intended to do.

In cases of this sort the court has definitely held that the interest of the potentially damaged person is involved, and his status, in certain respects, is a matter of public policy, and that the court has the right to construe the language of

an obscure and ambiguous contract such as this so as to seek out the purpose of the parties. *Neel* v. *Indemnity Insurance Company of North America,* 122 *N. J. L.* 560. Therein it was also held that in suits against an insurer upon automobile liability, arising out of automobile accident, the language of the policy shall be construed liberally in favor of the insured and should go most strongly against the writer.

This policy was definitely issued for the purpose of protecting a person holding membership in this association in connection with the retaining of counsel and payment therefor, and we think, in view of what seems to be the proper construction of the contract, that the trial judge was quite justified in refusing to nonsuit and to direct a verdict for the defendant, for in any event the plaintiff was entitled to nominal damages. Moreover, there was legal basis for the judgment of $200 in favor of plaintiff and against defendant. The agreed state of the case declares that "the question of the reasonableness for charges of services is to be decided by the court" and as we have seen, the judgment is within the liability fixed by the contract.

The judgment will be affirmed, with costs.